# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **CHARLES ALLEN STRAIT, JR.,** : | |
| Petitioner, : | |
| : | **CIVIL ACTION NO. 4:08-2280** |
| v. : | |
| : | **(McCLURE, D.J.)** |
| : | **(MANNION, M.J.)** |
| **PENNSYLVANIA BOARD OF** | |
| **PROBATION AND PAROLE;** : | |
| **and the DEPARTMENT OF** | |
| **CORRECTIONS,** : | |
| Respondents. : | |

## REPORT AND RECOMMENDATION[1]

Petitioner, Charles Allen Strait, Jr., is currently incarcerated at the State Correctional Institution at Waymart in Waymart, Pennsylvania. (Doc. No. 1). On December 22, 2008, the petitioner, proceeding *pro se,* filed a petition for writ of habeas corpus pursuant to 28 U.S.C. §2254 which challenges the recalculation of the length of his sentence by the Pennsylvania Board of Probation and Parole ("Board") and/or the Department of Corrections. *Id.*

For the reasons set forth below, it is recommended that the petition be **DENIED**.

---

[1] For the convenience of the reader of this document in electronic format, hyperlinks to the court's record and to authority cited herein have been inserted. No endorsement of any provider of electronic resources is intended by the court's practice of using hyperlinks.

**I. BACKGROUND**

On March 23, 1988, petitioner was sentenced by the Court of Common Pleas of Wayne County to a four and one-half (4.5) to ten (10) year term of imprisonment for possession of a controlled substance. (Doc. No. 11 at 21). Petitioner began serving this sentence under the Department of Corrections ("DOC") inmate number AS-2098. *Id.* The original minimum date for the sentence was September 23, 1992 and, the original maximum date for the sentence was March 23, 1998. *Id.* at 22. The petitioner was paroled on September 23, 1992. *Id.*

**First Parole Violation**

On September 1, 1994, while petitioner was paroled from the sentence he was serving as DOC inmate number AS-2098, he was arrested for new criminal charges in Texas. *Id.* Consequently, on October 20, 1994, the Board lodged a warrant against petitioner for parole violations. *Id.*

On November 21, 1995, the petitioner was convicted of unlawful possession of a controlled substance (Nortesterone) and unlawful possession of a controlled substance (Diethylpropion). (Doc. No. 11 at 22). Petitioner received a sentence of five years of imprisonment that was to be served in Texas "concurrent with revocation of probation charge." *Id.* at 30-31.

Petitioner received this sentence pursuant to a plea deal. *Id.*

On December 6, 1996, petitioner, who had been incarcerated in Texas, was released to the custody of the Board, and, on December 14, 1996, he was returned to a state correctional institution in Pennsylvania. *Id.* at 23. By Board decision dated June 18,1997, petitioner was (1) recommitted as a convicted parole violator on his sentence as inmate number AS-2098, and (2) the new maximum date on this sentence was determined to be June 6, 2002. *Id.* at 34-35. This new maximum date reflected that petitioner received no credit on his sentence as inmate number AS-2098 for the period of September 23, 1992 to December 6, 1996. *See id.*

On July 14, 1997, the Board received a request for administrative relief from petitioner that objected to the June 18, 1997 decision. *Id.* at 36-38. On November 3, 1998, the Board mailed a response to petitioner that denied his request for administrative relief. *Id.* at 40-41. Following this denial, petitioner did not appeal to the Commonwealth Court.

Petitioner was reparoled on February 12, 1998, with a maximum date of June 6, 2002.

**Second Parole Violation**

On November 27, 2000, petitioner was recommitted by the Board as a

technical parole violator. (Doc. No. 11 at 24). He was paroled for the third time on December 11, 2001, but his maximum sentence dated remained the same, June 6, 2002. *Id.*

**Third Parole Violation**

On April 17, 2002, petitioner was arrested by the Board for potential parole violations, and on April 19, 2002, petitioner was arrested on new criminal charges by the Pennsylvania State Police. *Id.* On August 22, 2002, petitioner pled guilty to possession with intent to deliver cocaine in the Court of Common Pleas of Wayne County. *Id.* Petitioner received a sentence of five to ten years in a Pennsylvania state correctional institution for this new conviction. *Id.* Petitioner began serving the sentence on this conviction as inmate number FZ-8464. (Doc. No. 11 at 25).

As a result of this new conviction, the Board recommitted petitioner as a convicted parole violator by decision dated February 4, 2003. *Id.* This decision also contained petitioner's new maximum date, December 25, 2005, for the sentence he was serving as inmate number AS-2098. *Id.* at 46-47. This date reflected that petitioner received no credit on his sentence from December 11, 2001 to April 17, 2002, and from April 19, 2002 to November 7, 2002. *See id.* The decision also stated, "IF YOU WISH TO APPEAL THIS

4

DECISION, YOU MUST FILE A REQUEST FOR ADMINISTRATIVE RELIEF WITH THE BOARD WITHIN THIRTY DAYS OF THIS ORDER." *Id.* at 46.

On September 9, 2004, the Board paroled petitioner from his sentence as inmate number AS-2098 to his new sentence as inmate number FZ-8464. (Doc. No. 11 at 26). The minimum date on this sentence was February 22, 2009 and the maximum date is February 22, 2014. *Id.*

On November 12, 2004, the Board received a request for relief that attempted to challenge the maximum date for the sentence he was serving as inmate number AS-2098 as set forth in the February 4, 2003 decision, and the new calculations, on the minimum and maximum dates, for the sentence he was serving as inmate number FZ-8464. *Id.* at 50. On December 23, 2004, the Board dismissed the request for relief as untimely to the extent it sought relief from the February 4, 2003 decision, and dismissed the remaining claims as unauthorized to the extent it sought relief from the sentence calculation for FZ-8464. *Id.*

**State Court Proceedings**

On April 21, 2008, petitioner filed a petition for review *nun pro tunc* in the Commonwealth Court challenging the recalculation of his sentence. *Id.* at 53, 55. On April 29, 2008, the Commonwealth Court denied petitioner's

request to file *nun pro tunc* as untimely. *Id.*

On May 27, 2008, petitioner attempted to seek relief from the Pennsylvania Supreme Court, and on October 2, 2008 the court denied him relief. *Id.* at 56-60.

**Federal Court Proceedings**

On December 22, 2008, petitioner filed the instant habeas petition. (Doc. No. 1). In his petition, he claims that the Texas and Pennsylvania sentences should have been concurrent, *not* consecutive, in accordance with his negotiated plea agreement. *Id.* He further alleges he was denied his right to counsel at the time his sentence was changed from concurrent to consecutive, thereby rendering his filings with this court and the state courts timely. *Id.* Moreover, petitioner claims that the length of his sentence was unlawfully enhanced as a result of the determination that the sentences should be consecutive, not concurrent. *Id.*

On March 3, 2009 the respondents filed a response, (Doc. No. 11), and on March 23, 2009, petitioner filed a traverse, (Doc. No. 13). Thus, the petition is ripe for review.

**II. DISCUSSION**

Respondents raise several arguments as to why the instant habeas

petition should be dismissed. These arguments will be considered below.

**a. Statute of Limitations**

A district court is authorized to "entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. §2254. A petition for writ of habeas corpus is the exclusive federal remedy for a state prisoner challenging the "very fact or duration" of his confinement and seeking "immediate release or a speedier release from that imprisonment." *Preiser v. Rodriguez*, 411 U.S. 475, 498-99 (1973); *Leamer v. Fauver*, 288 F.3d 532, 542-44 (3d Cir. 2002). A district court may only entertain a claim raised under §2254 that is filed within the one-year statute of limitations. 28 U.S.C. §2244(d)(1); *Wilson v. Beard*, 426 F.3d 653, 659 (3d Cir. 2005). The one-year period, as respondents argue is relevant here, runs from "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. §2244(d)(1)(D).

The statute of limitations is calculated with respect to each claim raised

in the habeas petition.[2] *Fielder*, 379 F.3d at 121-22. The statute of limitations is tolled while "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending."[3] *Id.* § 2244(d)(1)(2); *Wilson*, 426 F.3d at 659; *Merritt*, 326 F.3d at 161-62. It is also equitably tolled where something "extraordinary" prevented the petitioner from raising his rights and the petitioner diligently pursued his rights,

---

[2]Section 2244(d)(1) provides that the statute of limitations "shall apply to an application for writ of habeas corpus." There is debate whether this requires a court to calculate the statute of limitations with respect to the petition as a whole or each claim within the petition. *Cf. Walker v. Crosby*, 341 F.3d 1240, 1243 (11th Cir. 2003) ("The statute provides a single statute of limitations, with a single filing date, to be applied to the application as a whole") *with Fielder*, 379 F.3d at 121-22; *see Khan v. United States*, 414 F.Supp.2d 210 (E.D.N.Y. 2006) (collecting cases and discussing split). In obiter dictum, the Supreme Court has indicated a different approach: §2244(d)(1) "provides one means of calculating the limitation with regard to the 'application' as a whole, § 2244(d)(1)(A) . . . , but three others that require claim-by-claim consideration." *Pace v. DeGuglielmo*, 544 U.S. 408, 125 S.Ct. 1807, 1813 n.6 (2005). The court notes the importance of the Supreme Court's dictum, *see IFC Interconsult, AG v. Safeguard Int'l Partners, LLC*, 438 F.3d 298, 311 (3d Cir. 2006) ("[W]e pay due homage to the Supreme Court's well-considered dicta as pharoi that guide our rulings."), but applies the Third Circuit's precedent because it remains binding on this court.

[3]"'[A]n application is 'properly filed' when its delivery and acceptance'" comply with state procedural rules. *Merritt v. Blaine*, 326 F.3d 157, 162 (3d Cir. 2003), *cert. denied*, 540 U.S. 921 (quoting *Artuz v. Bennett*, 531 U.S. 4, 8 (2000)) (emphasis in original). Any decision by a state court finding an appeal or petition to be untimely is dispositive of the issue for the district court. *Id.* at 165-66.

8

but equitable tolling should be used "sparingly."[4] *Pace*, 544 U.S. 408, 125 S.Ct. at 1814; *Brinson v. Vaughn*, 398 F.3d 225, 230 (3d Cir. 2005), *cert. denied*, 126 S.Ct. 473 (2005); *Merritt*, 326 F.3d at 168.

Respondents argue that under §2244(d)(1)(D), the statute of limitations began to run the day the administrative decisions became final, and therefore, petitioner's habeas petition is untimely with respect to the June 18, 1997 decision by the Board, and the February 4, 2003 decision by the Board. The court agrees. *See Farley v. Pennsylvania Board of Probation and Parole*, 2004 U.S. Dist. LEXIS 29585 (E.D. Pa. Aug. 31, 2004).

With respect to the June 18, 1997[5] decision by the Board[6], respondents argue that petitioner filed a request for administrative relief that was denied

---

[4] The Third Circuit has identified three circumstances in which equitable tolling is warranted: the respondent "actively misled" the petitioner; the petitioner was in some extraordinary manner prevented from asserting his rights; or, the petitioner mistakenly, but timely, asserted his rights in an incorrect forum. *Fahy v. Horn*, 240 F.3d 239, 244 (3d Cir. 2001) (citing *Jones v. Morton*, 195 F.3d 153, 159 (3d Cir. 1999)).

[5] To the extent petitioner alleges that there was some other proceeding where he was resentenced and was denied the right to counsel, the court finds no support for this in the record. Accordingly, the court cannot ascertain any other date besides December of 1998 as to when the Board's June 18, 1997 decision became final.

[6] This decision determined that petitioner would not receive credit, on the sentence he was serving as inmate number AS-2098, for the time he served in Texas.

9

by the board on November 3, 1998, and that petitioner should have filed an appeal to the Commonwealth Court's appellate jurisdiction within thirty days, but petitioner did not do so. *See* Pa. R. App. P. 1512. Consequently, the Board's decision became final in December of 1998. As petitioner did not file a habeas petition until 2008, the court finds that absent tolling the instant petition is clearly untimely with respect to any claims regarding the Board's June 18, 1997 decision.

With respect to the February 4, 2003 decision by the Board[7], respondents argue that the decision became final in March of 2003 because petitioner did not file any appeal from the Board's decision. *See* Pa. Code §73.1. Therefore, respondents argue that the statute of limitations expired in March of 2004, and that the instant petition, filed more than four years later is clearly untimely. The court agrees.

To the extent petitioner's claims arise out of the 1997 and 2003 decisions by the Board, the court finds the habeas petition is barred by the one-year statute of limitations, and that there is no circumstance that would render equitable tolling applicable. Accordingly, the court recommends the instant petition be denied as it is untimely.

---

[7] This decision recalculated his maximum date as December 25, 2005.

**b. Procedural Default**

The district court may grant a petition only if the petitioner has exhausted all available state remedies as to each federal claim raised in the petition. 28 U.S.C. § 2254(b)(1)(A); *Coleman v. Thompson,* 501 U.S. 722, 731-32 (1991); *Slutzker v. Johnson,* 393 F.3d 373, 379 (3d Cir. 2004). The principle of exhaustion, which is founded on comity, requires a petitioner "to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts . . . by invoking one complete round of the State's established appellate review process," including petitioning for discretionary appeal.[8] *O'Sullivan v. Boerckel,* 526 U.S.

---

[8]"To 'fairly present' a claim, a petitioner must present a federal claim's factual and legal substance to the state courts in a manner that puts them on notice that a federal claim is being asserted." *McCandless v. Vaughn,* 172 F.3d 255, 261 (3d Cir. 1999). A petitioner need not cite "book and verse" of the United States Constitution, but he must do more than raise a "somewhat similar state-law claim." *Id.* (quoting *Anderson v. Harless,* 459 U.S. 4, 6 (1982); *Picard v. O'Connor,* 404 U.S. 270, 277-78 (1971). A petitioner may put a state court on notice of a federal claim by citing federal or state cases containing constitutional analyses, raising the claim "in terms so particular as to call to mind a specific right protected by the Constitution," or alleging a fact pattern common to constitutional litigation. *Id.* (citing *Evans v. Court of Common Pleas, Delaware County, Pennsylvania,* 959 F.2d 1227, 1332 (3d Cir. 1992) (quoting *Daye v. Attorney General of New York*, 696 F.2d 186 (2d Cir. 1982) (*en banc*))). It is arguable whether the petitioner's motions and petitions to the Pennsylvania courts sufficed to fairly present them with federal claims as to all the claims raised in the instant habeas petition. However, because the court finds that none of the instant petition's claims have been exhausted in state court, it need not analyze the voluminous filings in the

11

838, 844-45 (1999); *Slutzker*, 393 F.3d at 380 (citing *Doctor v. Walters*, 96 F.3d 675, 681 (3d Cir. 1996)). The petitioner bears the burden of establishing that all available state remedies have been exhausted. *Parker v. Kelchner*, 429 F.3d 58, 62 (3d Cir. 2005).

The exhaustion requirement is excused if it would be futile because "there is an absence of available State corrective process," such as where an appeal or petition for review would be procedurally barred as untimely, or "circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1)(B)(I), (ii); *Slutzker*, 393 F.3d at 380 (citing *Doctor*, 96 F.3d at 681). However, if exhaustion is futile because the petitioner failed to satisfy a state procedural requirement, then the petitioner has procedurally defaulted and the exhaustion requirement is not excused. *Coleman*, 501 U.S. at 729-30; *Slutzker*, 393 F.3d at 380-81. Procedural default, like exhaustion, is founded on comity and federalism. A federal court may not entertain a petition for habeas corpus where the petitioner has procedurally defaulted because the procedural default "rests on independent and adequate state procedural grounds." *Coleman*, 501 U.S. at 729-30, 750; *Slutzker*, 393 F.3d at 380-81.

---

state courts to determine whether the petitioner properly raised his claims as federal claims.

Procedural default is excusable only if the petitioner "can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice."[9] *Coleman, 501 U.S. at 749-50*; *Slutzker, 393 F.3d at 380-81*. To establish "cause," a petitioner must "show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rules." *Murray v. Carrier, 477 U.S. 478, 488 (1986)*. Examples of "cause" include where interference by government officials made compliance impracticable or ineffective assistance of counsel. *Id.* But a claim of ineffective assistance of counsel must generally be presented to the state courts as an independent claim before it may be used to establish "cause" for procedural default. *Id.* at 488-89 (citing *Rose v. Lundy, 455 U.S. 509, 518 (1982)*); *Werts v. Vaughn, 228 F.3d 178, 192-93 (3d Cir. 2000)*. "Actual prejudice" requires a petitioner to establish that an error caused him "actual and substantial disadvantage." *Murray, 477 U.S. at 494* (citing *United States v. Frady*, 456 U.S. 152, 170 (1982)).

---

[9]The miscarriage of justice exception is available only in "an extraordinary case, where a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray, 477 U.S. at 496*. Because this case concerns parole and the petitioner does not raise innocence as a ground for–the court will not address this exception.

13

Respondents contend that petitioner's claims are barred from review as they are procedurally defaulted. The court agrees. The record indicates that petitioner did not seek relief from the state courts until 2008, more than three years after the last response that petitioner received from the Board. Accordingly, the Commonwealth Court found petitioner's claims to be untimely and denied his "motion for allowance to submit petition for review *nunc pro tunc*." (Doc. No. 11 at 55). The Pennsylvania Supreme Court likewise denied petitioner's "Notice of Appeal, treated as a Petition for Review." *Id.* at 60.

Moreover, the court finds that petitioner has not established "cause" or "actual prejudice" for the procedural default of his claims. To the extent petitioner alleges that "cause" or "actual prejudice" is established because he was denied his right to counsel at a proceeding, the court finds that the record does not reflect petitioner's bald conclusory assertion that he was denied his right to counsel. Therefore, the court agrees with the respondents that petitioner's claims are procedurally defaulted, and as such, the court recommends that petitioner's petition for writ of habeas corpus be denied.[10]

---

[10] As the court finds that petitioner's claims are barred by the statute of limitations and that the claims are procedurally defaulted, the court declines to consider the merits of the petition. However, if the court had reached the merits, the court likely would have denied petitioner's claim regarding being denied the right to counsel, as the record does *not* reflect there was a hearing or any type of proceeding where petitioner was not present, nor where

14

## III. CONCLUSION

On the basis of the foregoing, **IT IS RECOMMENDED THAT** the petitioner's petition for writ of habeas corpus, (Doc. No. 1), be **DENIED**.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States Magistrate Judge**[11]

**DATE**: November 2, 2009
O:\shared\REPORTS\2008 Reports\08-2280-01.wpd

---

petitioner was denied his right to counsel at a hearing. In addition, had the court considered his claim regarding receiving credit for the time he served in Texas, the concurrent sentence claim, this claim too would have been denied. *See Vance v. Pennsylvania Board of Probation and Parole*, 741 A.2d 838 (Pa. Commw. Ct. 2004).

[11] For the convenience of the reader, the court has attached copies of unpublished opinions cited within this document.