IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

CHARLES ALLEN STRAIT, JR.,   :
    :
    Petitioner,   :    No. 4:CV-08-2280
    :
    v.   :    (McClure, D.J.)
    :
PENNSYLVANIA BOARD OF,   :    (Mannion, M.J.)
PROBATION AND PAROLE;   :
and the DEPARTMENT OF   :
CORRECTIONS,   :
    :
    Respondents.   :
    :

**O R D E R**

December 16, 2009

**BACKGROUND:**

On December 22, 2008, petitioner Charles Allen Strait, Jr., an inmate at the

State Correctional Institution at Waymart in Waymart, Pennsylvania, proceeding

pro se, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

(Rec. Doc. No. 1). As part of his petition, Strait disputes the Pennsylvania Board

of Probation and Parole ("Board") and/or the Department of Corrections' ("DOC")

recalculation of his prison sentence. The matter was initially referred to United

States Magistrate Judge Mannion.

The respondents filed a response on March 3, 2009. (Rec. Doc. No. 11).

Thereafter, on March 23, 2009, Strait filed a traverse. (Rec. Doc. No. 13). United States Magistrate Judge Mannion, on November 2, 2009, issued a fifteen-page (15) Report and Recommendation.

In his Report and Recommendation, Magistrate Judge Mannion first addressed the respondents' argument that Strait's petition should be denied because of the expiration of the relevant statute of limitations. Magistrate Judge Mannion agreed that Strait had filed his petition in an untimely fashion, both for the Board's June 18, 1997 decision concluding that Strait would not receive credit for time served in Texas under inmate number AS-2098, as well as its February 4, 2003 decision recalculating Strait's maximum date as being December 25, 2005. (Rec. Doc. No. at 9-10).

Second, Magistrate Judge Mannion addressed the respondents' contention that the petition should be denied because of procedural default. Magistrate Judge Mannion agreed that Strait's claims are procedurally defaulted, noting also that Strait had failed to establish "cause" or "actual prejudice" whereby this procedural default would be excused. Id. at 14.

Third, Magistrate Judge Mannion declined to address the merits of the petition, concluding that to do so was unnecessary in light of the fact that Strait's claims are barred by the applicable statute of limitations and are procedurally

defaulted.  Id.  However, Magistrate Judge Mannion did note that, if he had

reached the merits of the petition, he likely would have denied Strait's claims on

the merits.  Id.

Strait has not filed any objections to the magistrate judge's Report and

Recommendation and the time for doing so has since passed.  Because Strait has

elected not to object to the Report and Recommendation and because we agree

with the magistrate judge's thorough analysis and recommendation, we will adopt

the Report and Recommendation in full.  For the purposes of judicial economy, we

will not rehash the sound reasoning employed by Magistrate Judge Mannion.

Therefore, we will deny Strait's petition for writ habeas corpus.  (Rec. Doc. No. 1).

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

1.     United States Magistrate Judge Mannion's Report and

Recommendation is ADOPTED IN FULL.  (Rec. Doc. No. 16).

2.     The petition for a writ of habeas corpus is denied.

3.     The clerk is directed to close the file.

4.      There is no basis for the issuance of a certificate of appealability.


                                        s/ James F. McClure, Jr.
                                    James F. McClure, Jr.
                                    United States District Judge